UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEVEN, LLC, d/b/a SEVEN, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>                  v.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                  Defendant. | CASE NO. 2:21-cv-00432-BJR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

Before the Court is Defendant's Motion to Dismiss Plaintiff's claims. Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 12 ("Mot.").[1] Having reviewed the Motion, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendant's Motion.

---

[1] Both Defendant and Plaintiff have requested oral argument. *See* Mot., Dkt. No. 12; Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 23 at 1 ("Resp."). The Court determines that oral argument is unnecessary to resolve the motion and will, therefore, deny the requests. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

This is one amongst a multitude of cases across the United States in which a business seeks coverage from their insurance company for income lost due to the COVID-19 pandemic. *See* Compl., Dkt. No. 1. This District has chosen to assign all such cases to the undersigned who consolidated the earliest of these actions into ten cases. *See, e.g.*, *Chorak v. Hartford Cas. Ins. Co.*, 20-cv-00627. This Court recently published an Order in those cases holding there was no coverage for losses due to COVID-19. *See Nguyen, et al. v. Travelers Cas. Ins. Co., et al.*, No. 20-cv-00597, 2021 WL 2184878 (W.D. Wash. May 28, 2021). The Court held that in all of the relevant policies "direct physical loss of or damage to" covered property was required to trigger coverage and COVID-19 did not cause physical loss or damage. *Id.* at *9–*13. Additionally, the Court held that extension provisions, such as Extra Expense or Civil Authority, failed to provide independent grounds for coverage where coverage was not triggered in the first instance. *Id.* at *13–*14. Finally, the Court held that, as to those policies that contained Virus exclusion provisions, those exclusions provided an additional basis for denial of coverage. *Id.* at *15–*16.

This case was filed after consolidation in those matters, and thus was not included in that Order. Plaintiff's Complaint points to several provisions in Plaintiff's insurance policy as grounds for coverage. *See* Compl., Dkt. No. 1 ¶ 15 (mentioning Business Income and Extra Expense, Extended Business Income, and Civil Authority coverages); *see also id.* ¶ 86 (defining proposed classes according to Business Income, Extra Expense, Extended Business Income, and Civil Authority provisions).

These provisions, however, all require coverage to be triggered by direct physical loss or damage to covered property (or nearby property) in the first instance. *See* Decl. of William F. Knowles, Ex. A, Dkt. No. 13 (Insurance Policy of Seven LLC, hereinafter "Policy") at 15

(Business Income);[2] 17 (Extra Expense);[3] 16 (Extended Business Income);[4] 18 (Civil Authority);[5] *see also id.* at 11.[6] Therefore, given the Court's conclusion that COVID-19 does not cause physical loss or damage, these provisions fail to provide coverage.

---

[2] Stating

> (1) Business Income
> (a) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

[3] Stating

> g. Extra Expense
> (1) We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

[4] Stating

> (2) Extended Business Income
> (a) If the necessary suspension of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that: . . . However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.
> (b) Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

[5] Stating

> i. Civil Authority
> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
> (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and
> (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

[6] Defining "Covered Causes of Loss" as "Direct physical loss unless the loss is excluded or limited" by the Policy.

Additionally, Defendant argues that a Virus exclusion clause found in Plaintiff's policy would bar coverage, even if Plaintiff could establish coverage in the first instance. *See* Mot. at 13–15; *see also* Policy at 26, 29, 125.[7] In its previous Order, the Court found that such Virus exclusions applied and rejected arguments identical to the ones advanced by Plaintiff. *See Nguyen*, 2021 WL 2184878, at *15–*16; Resp. at 10–15. The Court adheres to its previous ruling.

Plaintiff advances claims for Declaratory Relief and Breach of Contract. *See* Compl. ¶¶ – 96–109. The conclusions *supra* determine that there is no coverage under Plaintiff's policy and that, therefore, Defendant did not act unreasonably when it denied coverage. The Court hereby GRANTS Defendant's Motion and dismisses Plaintiff's claims with PREJUDICE.

SO ORDERED.

DATED this 1st day of July, 2021.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[7] Stating

> B. Exclusions
> We will not pay for loss or damage caused directly or indirectly by any of the following.
> …
> j. Virus or Bacteria
>   (1) Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.